**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CEDRIC D. CLAY,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-15-0456-B-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: December 19, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cedric D. Clay, Lacey, Washington, pro se.

Stephen D. Funderburk and Pamela J. Campbell, Joint Base
     Lewis–McChord, Washington, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In a precedential Opinion and Order, the Board remanded this appeal to the regional office for the administrative judge to adjudicate the appellant's affirmative defense of reprisal for protected activity under the proper standard. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶¶ 10-12 (2016). In doing so, the Board affirmed the administrative judge's finding that the agency had established its charges against the appellant, which comprised three specifications each of using offensive language in the workplace and inappropriate physical contact with a coworker, and two specifications of failure to follow instructions. *Id.*, ¶¶ 4-8. We also affirmed the administrative judge's finding that the appellant failed to establish his affirmative defense of race discrimination. *Id.*, ¶ 9. We also authorized the administrative judge to readopt her findings on nexus and the penalty in her new initial decision should she find on remand that the appellant failed to establish his affirmative defense of reprisal for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *Id.*, ¶¶ 10-11.

¶3      The administrative judge gave the parties comprehensive notice of the proper elements and burdens of establishing an affirmative defense of reprisal for

engaging in protected activity and found that, based on the allegations set forth in his prior removal appeal, the appellant had established that he engaged in protected activity. Remand File (RF), Tab 3; *see Clay v. Department of the Army*, MSPB Docket No. SF-0752-12-0406-I-1, Initial Decision (July 24, 2012). The appellant responded and requested a supplemental hearing. RF, Tabs 4-5. The administrative judge reiterated the parties' respective burdens and scheduled a supplemental hearing. RF, Tabs 6-7, 11. After holding the requested hearing, the administrative judge issued a remand initial decision in which she affirmed the agency's action. RF, Tab 13, Remand Initial Decision (RID).

¶4 The appellant filed a petition for review and the agency filed a response. Remand Petition for Review (RPFR) File, Tabs 1, 3. In his petition for review, the appellant contends that the agency retaliated against him by sending his evaluation forward without him seeing or signing it, by denying him leave to take his wife for a medical appointment, and by engaging in "several other issues where the agency broke the law." RPFR File, Tab 1. He also questions the administrative judge's determination on remand, given her previous finding that he already had established by preponderant evidence that he engaged in prior protected activity. *Id.* In its response, the agency contends that the appellant's petition for review fails to meet the Board's criteria for review. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), to prevail on a prohibited personnel practice affirmative defense in a chapter 75 appeal that independently could form the basis of an individual right of action appeal, once the agency proves its adverse action by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that he made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action. *Shibuya v. Department of*

*Agriculture*, [119 M.S.P.R. 537](), ¶ 19 (2013); *see Alarid v. Department of the Army*, [122 M.S.P.R. 600](), ¶ 12 (2015) (recognizing that under the WPEA, an appellant may raise an affirmative defense of whistleblower retaliation based on protected activity under [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), and (D)).

¶6        If the appellant establishes both a protected disclosure and contributing factor by preponderant evidence, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity.  [5 U.S.C. § 1221](e)(2); *Shannon v. Department of Veterans Affairs*, [121 M.S.P.R. 221](), ¶ 24 (2014).  In determining whether the agency has met this burden, the Board will consider all the relevant factors, including the following:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole.  *Lu v. Department of Homeland Security*, [122 M.S.P.R. 335](), ¶ 7 (2015). In assessing whether the agency has met its burden by clear and convincing evidence, the Board must consider all the pertinent evidence in the record, and it must not exclude or ignore countervailing evidence by looking only at the evidence that supports the agency's position.  *See Herman v. Department of Justice*, [119 M.S.P.R. 642](), ¶ 15 (2013) (citing *Whitmore v. Department of Labor*, [680 F.3d 1353](), 1367-70 (Fed. Cir. 2012)).

¶7        In the remand initial decision, the administrative judge first reiterated her earlier finding that the appellant had established that he engaged in protected activity.  RID at 5.  She went on to find that, based on the "knowledge/timing

test,"[2] the appellant's protected activity could have been a contributing factor in the agency's decision to remove him. *Id.* Neither party challenges these findings on review.

¶8 The administrative judge ultimately found, pursuant to her analysis of the *Carr* factors set forth above, that the agency established by clear and convincing evidence that it would have removed the appellant even in the absence of his protected activity. RID at 9-10. On the first *Carr* factor, she found that the agency's evidence supporting its action was strong. RID at 9. In light of the analysis set forth in our Opinion and Order affirming her earlier decision, we agree. *Clay*, 123 M.S.P.R. 245, ¶¶ 4-8.

¶9 On the second *Carr* factor, the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision, the administrative judge assessed the testimony of three agency witnesses: the appellant's most recent supervisor, the proposing official, and the deciding official. RID at 6-8. She found that these individuals testified credibly, exhibiting, among other positive attributes, a forthright demeanor and unequivocal manner. *Id.* Pursuant to this testimony, the administrative judge found that the agency officials involved in the appellant's removal had little motive to retaliate. RID at 9-10.

¶10 In support of her determination, the administrative judge cited the appellant's supervisor's testimony that she was largely unaware of the appellant and knew that he had been fired and then got his job back only because he had

---

[2] Congress established a knowledge/timing test that allows an appellant to demonstrate that a disclosure or protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the whistleblowing disclosure or protected activity and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1)(A), (B); *Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 12 (2006), *superseded on other grounds by statute*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, *as stated in Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 6 (2014).

told her, but she purposefully avoided knowing any details. RID at 6; RF, Tab 12, Supplemental Hearing Compact Disc. The proposing official similarly testified that she was aware of the appellant's successful prior appeal of his removal but similarly claimed that she did not know the details nor had she asked the appellant for such details because it did not involve her. RID at 7. The deciding official testified that he had not heard of the appellant before this matter and that he had learned about the appellant's prior removal and reinstatement from the appellant himself. *Id.* The administrative judge also considered the sworn declaration of the appellant's previous supervisor, finding that even though it constituted hearsay evidence, it had probative value because it was both sworn and was consistent with her testimony in the underlying appeal. RID at 9; *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (observing that the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case). Because the record therefore shows that none of these officials were involved in the appellant's first removal or the resulting appeal, such that the appellant's exercise of his appeal rights did not affect them in any way, and about 3 years had passed since the appellant filed that appeal, the administrative judge was "left with the firm belief that, even in the absence of the appellant's protected activity, the agency would have removed him." RID at 10. We agree. The appellant's arguments on review regarding his evaluation, his spouse's medical appointment or the findings in his appeal below do not show that the administrative judge erred in finding on remand that the agency established by clear and convincing evidence that it would have removed the appellant in the absence of his protected activity. RPFR File, Tab 1.

¶11 Accordingly, we affirm the remand initial decision, which is now the Board's final decision in this appeal. 5 C.F.R. § 1201.113(b).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the

court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.